■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DAVID STEPHEN WRONKA, Appellant.— Appeal by defendant, as limited by his motion, from a sentence of the County Court, Orange County, imposed February 22, 1974, upon a conviction of robbery in the second degree, on his plea of guilty, the sentence being an indeterminate prison term not to exceed 10 years. Sentence modified, as a matter of discretion in the interest of justice, by reducing it to an indeterminate prison term not to exceed five years. The sentence was excessive to the extent indicated herein. Cohalan, Acting P. J., Christ, Brennan, Munder and Shapiro, JJ., concur.

■ NANETTE SHAW, Appellant, v. LAWRENCE H. SHAW, Respondent.— In this action in which a judgment of the Supreme Court, Queens County, was made on December 18, 1973, granting plaintiff a divorce, plaintiff appeals, as limited by her notice of appeal and her brief, from so much of the judgment as awarded her $25 per week alimony, $25 per week child support for the parties' infant child and a $750 counsel fee. At a conference in this court held on January 23, 1975, appellant's counsel and the defendant, *pro se*, entered into a written stipulation for modification of the judgment and for disposition of the question of a further counsel fee of $350, awarded for the prosecution of the instant appeal. In accordance with the stipulation, the judgment is modified by reducing the award of the counsel fee to $500, to cover all counsel fees to date, including the above-mentioned award for services rendered on this appeal, which $500 shall be paid at the rate of $10 per week, commencing February 3, 1975, at the office of plaintiff's attorney, Murray J. Richmond, Esq., 521 Fifth Avenue, New York, N. Y. 10017. As so modified, judgment affirmed insofar as appealed from, without costs. Gulotta, P. J., Hopkins, Martuscello, Latham and Benjamin, JJ., concur.

■ TOVOLO RESTAURANT, INC., Appellant, v. BARBUTO'S RISTORANTE, LTD., et al., Respondents.— Appeal by plaintiff from an order of the Supreme Court, Nassau County, entered September 4, 1974, which granted defendants' motion to permit their attorney to turn over to defendants certain money held by him in escrow and denied plaintiff's cross motion " for an order re-settling " a previous order which had directed defendant Robert Barbuto to appear for examination before trial. Order reversed, without costs, defendants' motion denied and plaintiff's cross motion granted. The examination before trial of defendant Robert Barbuto shall proceed at the place directed in the order dated May 17, 1974 at a time to be specified in a written notice of not less than 10 days, to be given by plaintiff, or at such other time and place as may be agreed by the parties. We disagree with Special Term's denial of plaintiff's cross motion based on its finding that the parties had entered into a stipulation settling the action. Based on the record before us, we find that there was never a valid stipulation of settlement in effect and therefore there is still a viable action pending. In the light of this finding we believe that the funds being held in escrow should not be removed until there has been a determination of the action. Hopkins, Acting P. J., Martuscello, Brennan, Benjamin and Shapiro, JJ., concur.